**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maritza Olmeda DREWRY,**
**Defendant–Appellant.**

No. 09–50198.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 6, 2009.

John B. Owens, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David James Zugman, Burcham & Zugman, San Diego, CA, for Defendant–Appellant.

Before SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Maritza Olmeda Drewry appeals from the 51–month sentence imposed upon re-sentencing following her jury-trial conviction for crimes relating to smuggling illegal aliens into the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm but remand to correct the judgment.

Drewry contends that the district court erred by imposing a substantial risk of death or serious bodily harm enhancement, pursuant to U.S.S.G. § 2L1.1(b)(5). The record reflects that the district court did not err in concluding that Dewry's offense conduct warranted an enhancement under § 2L1.1(b)(5). *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027–28 (9th Cir.2000).

Drewy also contends that the district court violated the Sixth Amendment by engaging in impermissible judicial fact-finding. There was no Sixth Amendment violation because Drewy was sentenced well below the statutory maximum. *See id.* at 1027.

Finally, we note that the judgment states that Drewy was convicted of two counts of bringing in illegal aliens for financial gain pursuant to 8 U.S.C § 1324(a)(2)(B)(ii). However, in *United States v. Hernandez–Orellana,* 539 F.3d 994, 1005–06 (9th Cir.2008), this court vacated these two convictions. Accordingly, we remand to correct the judgment. *See* Fed. R.Crim. Proc. 36.

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.